JOHNSON, Judge.
This is an appeal by the Trustees of the Internal Improvement Trust Fund of a judgment rendered by the Circuit Court of Leon County, Florida, on the 10th day of September, 1970, in a cause brought by the Appellee, Gables By The Sea, Inc., a Florida corporation, against the Trustees. The judgment of the lower court adjudicated that Gables By The Sea was entitled to dredge from a certain designated area in Biscayne Bay to procure material to fill the corporation’s swamp and overflow land it had purchased from the Trustees.
The crux of the complaint filed by the plaintiff-appellee herein, was to obtain quashal of an order or ruling of the Trustees of the Improvement Trust Fund and a declaratory decree.
At the time the corporation entered into negotiations with the Trustees for the purchase of the land in question, it was agreed that the Trustees would agree to sell the fill material required and that the payment would be made for the material on the basis of appraised price of the land to be filled; and that the purchase price of $480.00 per acre (plus the advertising costs) will in addition to paying for the acquisition of the bay bottom land, also include the necessary fill from the bay bottom in front of the property in sufficient quantity to fill the acquired land to grade. Thereafter the corporation paid *881 for the land, which included the appraised value of the fill material.
The trial court held an extended hearing and thereafter entered its final judgment, in which the judge cited some ten pages of findings and reasons upon which to premise his judgment. The adjudicative portion of the Order was as follows:
“It is, therefore, ADJUDGED:
“1. The plaintiff has the lawful right to dredge material from the areas indicated on the application for a dredge and fill permit and to use such material to fill its privately owned submerged land indicated on such application for a period of time consisting of 223 days beginning on the day this judgment becomes final by the expiration of the time of appeal, or the filing of the mandate of an Appellate Court affirming this judgment, whichever is the later date.
“2. Plaintiff has not shown a legal right to a permit to dredge from public bottoms in excess of the rights outlined in paragraph 1 supra.
“3. Upon proper application it would be the legal duty of the Trustees to grant plaintiff a permit to fill its privately owned submerged land, purchased from the Trustees, by use of materials from other sources.”
Prior to oral argument of this cause before this Court, the Appellee filed a motion to correct the judgment, as follows:
“Under the terms and provisions of the final judgment rendered by the lower court in this cause the appellee (plaintiff) was adjudged to have ‘the lawful right to dredge material from the areas indicated on the application for a dredge and fill permit and to use such material to fill its privately owned submerged land indicated on such application for a period of time consisting of 223 days beginning on the day this judgment becomes final by the expiration of the time of appeal, or the filing of the mandate of an Appellate Court affirming this judgment, whichever is the later date.’
“Final hearing in the court below occurred on March 3, 1970. At the time of submission of said cause to the lower court, a permit to dredge the area referred to in said judgment was awarded by the United States Department of the Army, Corps of Engineers, as a matter of course upon the receipt of an approval of such dredging by the Trustees of the Internal Improvement Fund. At that time the Corps of Engineers granted such permit to dredge as a mere formality when it appeared that such dredging would not interfere with navigation. As shown by the record in this cause the Corps had determined that the dredging of the area described in the judgment would not interfere with navigation and it had granted a permit to dredge, which permit is dated the 12th day of November, 1965, but which has now expired. (See Exhibit LL).
“After the submission of this cause to the lower court, and on April 3, 1970, the United States Congress passed Public Law 91-224, Section 1171 of which prohibited the United States Department of the Army, Corps of Engineers from granting a permit to dredge unless and until the Department of Air and Water Pollution Control of the State of Florida issued a certificate authorizing said dredging. A true copy of said Act is hereto attached, marked Exhibit A, and made a part hereof. The refusal of the State to issue said certificate requires the United States Department of Army Corps of Engineers to decline the issuance of a dredging permit.
“After the passage of the Public Law 91-224, the State of Florida, Department of Air and Water Pollution Control issued its notice and its certification information, a true copy of which is here *882 to attached and marked Exhibit B and made a part hereof which outlines the conditions and the requirements imposed upon the Appellee in order to procure a certification, which is essential before the Corps of Engineers will accept an application for the issuance of a dredging permit.
“The acts and conduct of the State and Federal Governments which occurred subsequent to the submission of this cause on final hearing to the lower court will deprive the Appellee of the benefit of the judgment rendered by the lower court in which it was intended that the Appellee would receive 223 clear days within which to accomplish the dredging authorized by said judgment for the reason that the procedures required of the Appellee in order to procure certification from the State and a Federal permit will consume a major portion, if not all, of said 223 days, if the running of said days commences from the day of the final determination of this cause in the Courts of Florida. The appellee cannot make application for its permit to the Corps of Engineers until a favorable and final determination of this litigation has occurred.
“Thus, subsequent to the rendition of the judgment the procedures adopted both by the Federal and State Governments in connection with the issuance of a permit by the United States Department of the Army, Corps of Engineers, has been radically changed and the time required to acquire a permit has been lengthened to the point where the State and Federal authorities can through the natural delays provided by their present procedure, require of the appellee more than 223 days to acquire the Corps of Engineers’ permit. This would defeat the judgment of the lower court and deny to the appellee the rights assured to it by the said judgment.
“Wherefore, in the event the District Court of Appeal of Florida, 1st District, affirms the judgment of the lower court, the appellee respectfully moves that the mandate issued upon such af-firmance provide that the 223 day period accorded to the appellee as its period to dredge, as set forth in the judgment, shall begin to run on the day of the issuance of the permit by the United States Department of Army, Corps of Engineers and not on the day the judgment becomes final. See § 59.34, F.S.”
Therefore, in order not to defeat the judgment of the lower court and thereby deny the rights of the appellee assured by the said judgment, this Court does hereby grant the motion of appellee and does extend the 223 day period accorded the appel-lee in the lower court’s judgment as hereinafter provided.
Upon the call of this cause for oral argument, the Appellants announced that they wished to withdraw their appeal, and admitted in open court that the Appellee’s motion had merit and that it would be unjust to cause the Appellee to lose the benefit of the judgment it recovered resulting from delays created by the enactment of the Federal law and by the action of the Department of Air and Water Pollution Control. The Appellants, however, urged that this matter should be considered and the motion granted by the trial court rather than this Court. The Appellants sought to reserve the right to appeal from the lower court’s order granting the Appellee’s motion. There is no dispute about the matters set forth in the motion and it is not only within the power of this Court to assure to the Appellee the benefits of the fruitful judgment it has obtained, but it is this Court’s duty to do so and avoid endless, fruitless litigation. From an examination of this directive covering the certification information required by the Department of Air and Water Pollution Control, it appears that the exact information required for certification has already been furnished to other departments of the state, including Appellants. The very issues sug *883 gested by the required application were actually the issues tried in the lower court and found in favor of the Appellee. It would be grossly unfair and contrary to the long recognized legal concept of terminating litigation and avoiding a multiplicity of legal action to now either expect or require the Appellee to start anew in the administrative departments of Government after it has successfully established its position to a final conclusion' in the Courts.
The judgment for the Appellee was rendered on September 10, 1970. The Appellants waited until July 14, 1971, after the call of the case on oral argument, to announce the withdrawal of this appeal. During this period of time the Appellee has been denied the use of his property, as ordered by the lower court. The Appellants frankly stated orally before the Court that they could give no assurance that they would not appeal an order rendered by the lower court upon said motion, even though they conceded it was meritorious. We think under these circumstances that we are required to bring this case to a final termination. It is, therefore, ordered that the judgment in the lower court be amended so that the same shall read, as amended, that the Appellee shall have the lawful right to dredge material from the areas indicated on the application for a dredge and fill permit and to use such material to fill its privately owned submerged land indicated on such application for a period of time consisting of 223 days, beginning either on the day after the Army Corps of Engineers issues its final permit permitting the appellee to dredge and fill as aforesaid, or beginning on the first day after there are no legal impediments to the appellee commencing its filling operation. In all other respects the final judgment is affirmed.
Affirmed and motion to correct judgment granted.
CARROLL, DONALD K., Acting C. J., and RAWLS, J., concur.