*823 ON MOTION TO QUASH APPEAL
PER CURIAM.
Plaintiff-appellee has filed its motion to dismiss an appeal taken by the appellants or to peremptorily affirm the judgment of the lower court, which this Court treats as a motion to quash the appeal.
It appears to this Court that all issues involved in this cause were adjudicated in favor of the plaintiff in this Court’s prior mandate filed August 31, 1971, Fla.App., 251 So.2d 880, which affirmed the judgment of the trial court. Said mandate encompassed all the affected agencies of the State of Florida. Pursuant to said mandate, the trial court issued a rule nisi directed to the Board of Air and Water Pollution Control of the Department of Air and Water Pollution Control requiring it to show cause why it should not approve the permit referred to in the trial court’s final judgment and the mandate of this Court affirming said judgment. The appellant moved to discharge said rule nisi, and the trial court entered final judgment ordering that the dredge permits be issued. It is from this judgment that appellants now appeal.
It is the conclusion of this Court that the appeal herein is dilatory in nature, is sought by appellants for the sole purpose of further frustrating and delaying compliance with the mandate of this Court and the final judgment of the trial court, is frivolous, and not taken in good faith. This Court does hereby conclude that the final judgment entered by the trial court is an appropriate order rendered in strict compliance with the mandate of this Court.
The motion of appellee to quash the appeal is granted and upon the going down of our mandate, the trial court is directed to institute such proceedings and to take such coercive action in the premises as is deemed necessary and advisable to secure full compliance with its order of February 16, 1972. In view of the inordinate delays already incurred in connection with the final disposition of this litigation, no petition for rehearing on this judgment will be entertained.
CARROLL, DONALD K„ Acting C. J., and RAWLS and JOHNSON, JJ., concur.